IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL VINCENT CISNEROS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-825-PRW |
| | ) |
| SHERIFF'S DEPUTY GOMEZ, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

This case comes before the Court on the Defendants' Motions to Dismiss (Dkts. 22, 24, & 25), Magistrate Judge Gary M. Purcell's Report & Recommendation (Dkt. 44), and Plaintiff's Objections to the Report & Recommendation (Dkt. 47). The Report & Recommendation recommends that each of Defendants' motions, converted to motions for summary judgment, should be granted and this case dismissed. After receiving an extension, Plaintiff filed a seventy-two-page document purporting to bring objections to the Report & Recommendation.

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[1] Because Plaintiff is proceeding *pro se*, the Court construes his objections and filings liberally without serving as his advocate.[2] But a *pro* se party's objections must still be "proper." An objection is "proper" if it is both timely and

---

[1] Fed. R. Civ. P. 72(b)(3).

[2] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

specific.³ A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."⁴ In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.⁵

Plaintiff's objections fail to meaningfully address the Report and Recommendation. While at times difficult to decipher, his filing—as Plaintiff himself recognizes at several points—merely rehashes identical arguments previously raised in his responses to Defendants' motions.⁶ But "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for *de novo* review."⁷ Further, in rehashing his previously raised arguments, Plaintiff has not specifically identified any legal or factual errors committed by Magistrate Judge Purcell.⁸ But whether

---

³ *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

⁴ *Id.*

⁵ *Summers v. Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

⁶ *See, e.g.*, Pl.'s Obj. (Dkt. 47), at 14 ("I also stand on my statements and claims, and discriptions [sic] previously made regarding the entire situation Complaints, 'Amended Complaints,' and Responses[.]"). Much of Plaintiff's filing does not even address the subject matter of his Complaint in this case. On several occasions, his filing discusses (at length) matters and complaints entirely unrelated to his claims regarding his time at the Oklahoma County Detention Center.

⁷ *Vester v. Asset Acceptance, L.L.C.*, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *United States v. One Parcel of Real Prop.: 2121 E. 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996)).

⁸ *See Vester*, 2009 WL 2940218, at *8 ("[I]t is necessary for a party objecting to a recommendation to identify the particular factual or legal error committed by the Magistrate Judge, allowing the District Court to focus on that issue and correct it if necessary. . . ." (citing *One Parcel of Real Prop.*, 73 F.3d at 1060)); *see also One Parcel*

reviewing for clear error or conducting *de novo* review, the Court would reach the same conclusions as those contained in the Report and Recommendation.

The Report & Recommendation (Dkt. 44) is therefore **ADOPTED** in its entirety. Accordingly, Defendants' Motions to Dismiss (Dkts. 22, 24, & 25), converted to motions for summary judgment, are **GRANTED**. The Court also **DISMISSES** Plaintiff's remaining federal claims, **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state-law fraud claim, and **DENIES AS MOOT** Plaintiff's Motion to Strike (Dkt. 40).

**IT IS SO ORDERED** this 16th day of March 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

*of Real Prop.*, 73 F.3d at 1060; *Paulsen v. Christner*, 2022 WL 2165858, at *1 (10th Cir. June 16, 2022).